IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CR-30016-SMY |
| | ) |
| BYRON JOSHUA HOLTON | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Byron Joshua Holton's Motion to Sever (Doc. 143). The Government does not oppose the motion. For the following reasons, the motion is **GRANTED**.

Federal Rule of Criminal Procedure 8(b) allows the joinder of two or more defendants in a single trial. There is a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Joint trials promote efficiency and go far to prevent the scandal and inequity of inconsistent verdicts among co-defendants. *Id.* However, Rule 14(a) of the Federal Rules of Criminal Procedure provides that a court may sever co-defendants' trials if a defendant or the government is prejudiced by such a joinder. Working together, "Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " *Id.* at 540 (quoting *Bruton v. United States,* 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (internal quotations omitted)).

A court should grant severance under Rule 14(a) only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. Rule 14(a) leaves the

determination of risk of prejudice from a joint trial and any remedy that may be necessary to the sound discretion of the district court.  *Id.*  Serious risks that may warrant severance occur, for example, where the government introduces a co-defendant's statement that inculpates the defendant but where the co-defendant does not testify and is therefore unavailable for the defendant to exercise his confrontation clause rights by cross-examining him.  *See Lilly v. Virginia,* 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

Here, the Superseding Indictment asserts allegations against multiple charged co-defendants relating to several alleged armed robberies.  Defendant Holton indicates that, based on the discovery tendered in this matter, several of the charged co-defendants have made statements which may be used at trial and which implicate themselves and others charged in this case.  The Court finds that a joint trial under these circumstances creates a serious risk of prejudice to Defendant Holton's rights.  Accordingly, the Court **GRANTS** Defendant Holton's motion to sever.

Pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H), the Court finds that the period from October 7, 2015, the date Defendant filed the Motion to Sever, up to and including the date of this order, allows a reasonable period for prompt resolution of the motion and is excludable under the Speedy Trial Act.  *See Henderson v. United States,* 476 U.S. 321, 329–31, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

**IT IS SO ORDERED.**

**DATED: October 22, 2015**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**