IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CR-30016-SMY |
| | ) |
| | ) |
| BYRON JOSHUA HOLTON | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Pending before the Court is the Motion to Transfer to the East St. Louis Division filed by Defendant Byron Joshua Holton (Doc. 205). For the following reasons, the Motion is **GRANTED**.

The Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury "of the State *and district* wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI. (Emphasis added). The United States District Court for the Southern District of Illinois has no divisions pursuant to 28 U.S.C. § 93. As such, there is no distinction between the courthouses located in East St. Louis and Benton for purposes of a defendant's Sixth Amendment rights.

Rule 18 of the Federal Rules of Criminal Procedure provides that a court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed.R.Crim.P. 18. "A trial court has broad discretion in deciding where to fix the location of the trial which will not be

overridden on appeal as long as the court gives 'due consideration' to the factors listed in Rule 18." *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) (citing *United States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir.1984). Thus, pursuant to Rule 18, the Court must weigh the convenience of the defendant and his witnesses against the prompt administration of justice and the Court's inherent power to manage itself, its resources and its caseload as it sees appropriate.

Having considered the circumstances of this particular case, the Court finds that the aforementioned relevant factors weigh in favor of holding trial at the East St. Louis courthouse. Here, most, if not all, of the witnesses who will testify in this case reside in St. Clair County or Madison County, Illinois. In addition, Defendant's mother has indicated that she will be unable to attend trial if it is held in Benton. Although the undersigned's duty station and essential chambers staff are located in Benton, the Court is persuaded that the prompt administration of justice in this case demands relocating the trial to East St. Louis. Accordingly, Defendant's Motion is **GRANTED**.

    IT IS SO ORDERED.

    DATED: March 14, 2016

    **s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**