IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 15-CR-30016-SMY |
| | ) | |
| BYRON JOSHUA HOLTON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S TRIAL MEMORANDUM

The United States of America, by Donald S. Boyce, United States Attorney for the Southern District of Illinois, and through Assistant United States Attorneys Ali Summers and Christopher Hoell, hereby files its trial memorandum regarding potential evidentiary issues which may arise at trial.

The second superseding indictment charges the Defendant as follows: Count 1, Conspiracy to Interfere with Commerce by Robbery; Count 2, Interference with Commerce by Robbery of Q-Mart; Count 3, Carry and Use of a Firearm During a Crime of Violence being the Robbery of Q-Mart; Count 4, Interference with Commerce by Robbery of Alps Grocery Store; Count 5, Carry and Use of a Firearm During a Crime of Violence being the Robbery of Alps Grocery Store; Count 6, Interference with Commerce by Robbery of Shop 'n Save; Count 7, Carry and Use of a Firearm During a Crime of Violence being the Robbery of Shop 'n Save. The Government anticipates that certain potential evidentiary issues arising at trial and, in an effort to streamline the presentation of the government's case, offers the following in advance of trial concerning those potential evidentiary issues:

**I. Authentication of Surveillance Videotape Evidence**

Counts 4 and 5 of the second superseding indictment allege that the Defendant participated in the armed robbery of Alps Grocery Store located at 800 Upper Cahokia Road, Cahokia, Illinois on December 11, 2014. Counts 6 and 7 allege that the Defendant participated in the armed robbery of Shop 'n Save located at 1028 Camp Jackson Road, Cahokia, Illinois on January 11, 2015. Both Alps Grocery Store and Shop n' Save had video surveillance in the store that captured the two armed robberies. Additionally, the Family Dollar store located next to the Shop n' Save captured the four armed robbers as they walked toward the front door of the Shop n' Save before the robbery.

There were two employees in the store who witnessed the armed robbery of Alps Grocery Store on December 11, 2014: Iris Henderson and Dawn Goodwin. There were three employees and a customer in the store who witnessed the armed robbery of Shop n' Save on January 11, 2015: Peggy Massey, Etoya Buchanan, Matt Henton and Quanto Gailes. The United States plans to call the two employees who witnessed the armed robbery of Alps Grocery Store and the three employees who witnessed the armed robbery of the Shop n' Save to testify about what happened during the armed robbery they each witnessed. The United States anticipates that each witness will testify that the surveillance video that captured the robbery they witnessed is a fair and accurate representation of what transpired. Additionally, the Government expects to call the Defendant's three co-conspirators to testify, all of whom can testify that they walked past the Family Dollar masked and armed with firearms as they approached the front door of the Shop n' Save before the robbery and that the Family Dollar surveillance video is a fair and accurate representation of what transpired.

Rule 901 of the Federal Rules of Evidence governs the authentication of evidence, and requires the proponent to produce sufficient evidence to support a finding that the items – video recordings in this case – are what the proponent claims. Fed.R.Evid. 901. For something like an audiotape or a videotape, the United States must offer clear and convincing evidence that the tape is a true, accurate, and authentic recording of the sound and/or scene the tape is supposed to have captured. *United States v. Emerson*, 501 F.3d 804, 813 (7th Cir. 2007) (discussing the authentication required for an audiotape); *see also Unites States v. Richardson*, 562 F.2d 476, 479 (7th Cir. 1977) (holding that where eyewitnesses to the robbery authenticated photographic prints, taken from surveillance films, as fairly and accurately depicting the robbery, no further authentication was required). In meeting this burden, the United States may offer the testimony of an eyewitness that the recording accurately reflects the sound or scene she witnessed. *Emerson,* at 814.

Accordingly, the testimony of Iris Henderson and Dawn Goodwin that the surveillance video of the December 11, 2014 armed robbery Alps Grocery Store accurately reflects the scene each woman witnessed, should serve as proper authentication of that video recording. Likewise, the testimony of Peggy Massey, Etoya Buchanan, and Matt Henton that the surveillance video of the January 11, 2015 armed robbery of Shop n' Save accurately reflects the scene they witnessed should serve as proper authentication of that video recording. And the testimony of Lamarcus Jackson, Undray Webb and Devante Hodges that the surveillance video of Family Dollar accurately reflects how they approached the front door of Shop n' Save prior to the robbery should serve as proper authentication of that video recording.

## II. Evidence of the Shop n' Save Robbery is Admissible as Direct Evidence of the Charged Conspiracy and is Not Rule 404(b) Other Crimes Evidence.

The Defendant is charged in Count 1 with Conspiracy to Interfere with Commerce by Robbery in which it is alleged that the Defendant and his four co-defendants conspired to commit multiple robberies by the use of physical force and violence and that the overt acts committed in furtherance of the Conspiracy included, among others, the armed robbery of Q-Mart, the armed robbery of Alps Grocery Store, and the armed robbery of Shop n' Save. The evidence against the Defendant includes a statement he made to law enforcement officers in which he admitted his involvement in the Shop n' Save robbery.

Defense Counsel has indicated that the Defendant may plead guilty to the two counts in the second superseding indictment relating to the armed robbery of the Shop n' Save, Counts 6 and 7. Even if the Defendant pleads guilty to Counts 6 and 7, the Government intends to introduce all of the evidence of the Shop n' Save robbery as direct evidence of the charged conspiracy. Evidence of substantive acts related to the charged conspiracy is admissible without considering Rule 404(b). *United States v. Adams*, 628 F.3d 407, 413-14 (2010). In *Adams*, the defendant was convicted of conspiracy to distribute crack cocaine. *Id*. The defendant argued that evidence of his three prior drug-related arrests was prohibited Rule 404(b) propensity evidence and therefore improperly admitted. *Id* at 414. The Court held that "[e]vidence directly pertaining to the defendant's role in a charged conspiracy is not excluded by Rule 404(b)." *Id.* The Court reasoned that Rule 404(b) "has no role to play here" because the evidence of the arrests directly supported the conspiracy charge by showing his involvement in conditions highly probative of conspiratorial drug distribution. *Id.*

Similarly, in *United States v. Zarnes,* the Court held that evidence of related crimes that occurred within the timeframe of the alleged conspiracy is direct evidence of the conspiracy. 33

F.3d 1454, 1469 (7th Cir. 1994). In *Zarnes*, the defendant was indicted for conspiracy to manufacture and distribute methamphetamine between July 1987 and July 1989. *Id.* The defendant challenged the district court's admissions of evidence that she had sold marijuana and cocaine in December 1988 and of methamphetamine that was seized from her trailer pursuant to a 1988 arrest. *Id.* at 1469-70. The defendant argued that both admissions violated Rule 404(b)'s prohibition against evidence of "other bad acts." *Id.* at 1469. The Court held that both admissions were proper. *Id.* at 1469-70. The Court reasoned that both pieces of evidence were direct evidence of the defendant's participation in the conspiracy and, thus, were not "bad acts" under Rule 404(b). *Id.* The Court noted that the drug sale showed how the relationship with her co-conspirators began and that the seized methamphetamine showed that the defendant possessed the drug she was accused of conspiring to distribute "during the time of the conspiracy." *Id.*

Additionally, in a case involving a Hobbs Act conspiracy prosecution arising from armored-car robberies, the First Circuit found that the trial court did not abuse its discretion by admitting evidence of an attempted robbery that had preceded the charged robbery, which displayed the same modus operandi and involved some of the same persons, even though evidence of defendant's involvement was not overwhelming. *U.S. v. Morales-Machuca*, 546 F.3d 13, 22-23 (1st Cir. 2008). The court found reasoned that the government was required to prove that defendants had conspired to obstruct commerce by robbery and the attempted robbery was probative of other actions taken in furtherance of conspiracy. *Id.*

In this case, even if the Defendant pleads guilty to the counts related to the Shop n' Save robbery, the evidence surrounding the circumstances of that robbery and the Defendant's admission to his involvement in that robbery is highly probative direct evidence of his involvement in the conspiracy as charged in Count 1 and is therefore admissible. Evidence of the

5

Defendant's admitted involvement in the Shop n' Save robbery, and specifically the details of his statement to law enforcement officers, shows the extent of his association with the co-conspirators, his knowledge of the steps taken in the planning and execution of a robbery with the same co-conspirators, and the similarity of the manner and means used to facilitate the conspiracy and commit the robberies.

Additionally, evidence of the Defendant's plea of guilty to Counts 6 and 7 should be made known to the jury. If the Defendant pleads guilty to the substantive Hobbs Act and 924(c) violations involving the Shop n' Save robbery, he is admitting to part of the conspiracy. Therefore if he then at trial denies involvement in the conspiracy, he is taking a position inconsistent with his guilty plea which would be a fraud on the jury. Therefore, evidence of his guilty plea should be admissible as a statement against interest. Fed. R. Evid. 804(b)(3). Additionally, the conspiracy alleged in Count 1 includes the robbery of the Shop n' Save as one of the three overt acts committed in furtherance of the conspiracy. If the Defendant pleads guilty to Counts 6 and 7 and the jury is not informed of that fact, the jury would be left to wonder why he was only charged with two of the three armed robberies alleged as overt acts. The jury will also hear evidence that all four of the other co-conspirators were charged and plead guilty to the Shop n' Save robbery and they would be again left to wonder why Defendant Holton was not also charged with the commission of that robbery.

### III. Admissibility of Car Sales Receipts as Business Records

The Government intends to introduce car applications, sales receipts and documentation of title transfer from Pay Later Auto Sales which demonstrate that on November 22, 2014, the day after the Q-Mart robbery, the Defendant made a cash down payment to purchase a 2001 GMC Yukon that was thereafter repossessed and that on January 12, 2015, the day after the Shop

n' Save robbery, the Defendant made a cash down payment to purchase a 2004 Chevy Suburban that was thereafter repossessed. Federal Rule of Evidence 803(6) excepts from the general hearsay rule a record of an act or event if:

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity;
> (C) all of these conditions are shown by the testimony of the custodian or other qualified witness . . .;
> (D) and the opponent does not show that the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness.

The Government will therefore seek to admit the November 22, 2014 and January 12, 2015 Pay Later Auto Sales car application, receipts, and title transfer as a business records exception to the rule against hearsay.

### IV. Use of Replica Firearms as Demonstrative Evidence

The second superseding indictment alleges that the Defendant and his co-defendants conspired to commit and did commit three Hobbs Act robberies and that in all three robberies all of the assailants were armed with a firearm. While none of the multiple firearms used in these robberies were recovered during the investigation, all four of the Defendant's co-conspirators will testify that the firearms they used were real and they were most often loaded. One of the co-conspirators will also testify in detail about the exact type of firearms he and the others used in the commission of the three robberies. The Government intends to use, as demonstrative exhibits, five firearms that are the same make and model as the firearms the co-conspirators can testify were used to commit the robberies. The courts have frequently upheld "the use of this type of demonstrative evidence to establish that objects of this nature were actually used in the commission of a crime." *U.S. v. Aldaco*, 201 F. 3d 979, 986-87 (7th Cir. 2000)(citing

*States v. Towns,* 913 F.2d 434, 446 (7th Cir.1990) (district court did not abuse its discretion in allowing admission of a gun and ski mask identified by eyewitnesses "as being similar to those possessed by the robbers" for "the limited demonstrative purpose of providing examples of the gun and ski mask" used in the robbery); *See also, United States v. McIntosh,* 23 F.3d 1454, 1456 (8th Cir.1994) (introduction of firearm that was "similar to" the gun used by the defendant as demonstrative exhibit was not abuse of discretion).

### V. Impeachment of Lamarcus Jackson is limited by Rule 609(b)

Rule 609 provides that evidence of a prior criminal conviction for a felony or a crime that involves a dishonest act or false statement can be admitted to attack a witnesses character for truthfulness. However, Rule 609(b) limits the use of such convictions if more than 10 years have passed since the witness's conviction or release from confinement, whichever is later. "'Convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.' " *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003) (quoting *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977)). Convictions over 10 years old are only admissible under Rule 609 if the court can determine "that the probative value of the conviction… substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). *See also United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004). The proponent of admitting the evidence must also give the adverse party "reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b)(2).

The government expects to call Lamarcus Jackson in its case-in-chief. Lamarcus Jackson has been convicted of two felony offenses that are proper impeachment under Rule 609. These convictions include:

   a. 04/21/2008 -- Residential Burglary, St. Clair Co. Case No. 08-CF-327

   b. 07/27/2010 – Residential Burglary, St. Clair Co. Case No. 10-CF-723

However, Jackson also has one other felony conviction, a misdemeanor conviction and a juvenile felony adjudication, all of which fall outside the 10-year period, or are irrelevant to credibility. These include the following convictions:

    a. 10/16/2002 – Residential Burglary, St. Clair Co. Case No. 02-JD-378

    b. 12/01/2004 – Theft; St. Clair Co. Case No. 04-CM-3706

    c. 03/06/2006 – Burglary - St. Clair Co. Case No. 06-CF-178

These convictions and juvenile adjudication are more than 10 years old and the defendant has not provided reasonable written notice of intent to use the conviction to impeach Jackson with these convictions. Thus, any reference to this conviction should be prohibited by Rule 609.

### VI. Impeachment of Undray Webb is limited by Rule 609(b)

The government expects to call Undray Webb in its case-in-chief. Undray Webb has been convicted of one felony offense that is proper impeachment under Rule 609. This conviction is:

    a. 06/03/2009 – Unlawful Possession of Weapon by a Felon, St. Clair Co.

       Case No. 09-CF-328

However, Webb also has one other felony conviction and a juvenile adjudication, both of which fall outside the 10-year period, or are irrelevant to credibility. These include the following convictions:

    a. 06/02/2004 – Aggravated Battery, St. Clair Co. Case No. 04-JD-74

    b. 07/20/2006 – Theft; St. Clair Co. Case No. 06-CF-1029

This conviction and juvenile adjudication are more than 10 years old, and the defendant has not provided reasonable written notice of intent to use the conviction to impeach Webb with these convictions. Thus, any reference to this conviction should be prohibited by Rule 609.

**VII.  Impeachment of Durand Harper is limited by Rule 609(b)**

The government expects to call Durand Harper in its case-in-chief. Durand Harper, who is now 27 years old, has a number of juvenile adjudications, all of which fall outside the 10-year period, or are irrelevant to credibility.  These include the following convictions:

   a.   06/18/2002 – Theft over $300, St. Clair Co. Case No. 02-JD-7614

   b.   11/27/2002 – Retail Theft under $150, St. Clair Co. Case No. 02-JD-412

   c.   08/26/2003 – Theft Under $300, St. Clair County Case No. 03-JD-249

   d.   08/26/2003 – Residential Burglary and Burglary, St. Clair Co. Case No. 03-JD-268

   e.   10/27/2004 – Theft Under $300, St. Clair Co. Case No. 04-JD-427

These juvenile adjudication are more than 10 years old, and the defendant has not provided reasonable written notice of intent to use the conviction to impeach Webb with these convictions. Thus, any reference to this conviction should be prohibited by Rule 609.

**VIII.  Admissibility of Prior Consistent Statements made by Lamarcus Jackson and Undray Webb**

The government expects to call Lamarcus Jackson and Undray Webb as witnesses in its case-in-chief. Both of these witnesses are co-conspirators to the Defendant who have pled guilty to the offenses for which they were charged. As part of their guilty pleas, both witnesses have also agreed to cooperate with the government by providing truthful testimony in this trial in exchange for the government making a recommendation to the Court for a reduction in their ultimate sentence. The government anticipates that the Defendant will attempt to attack the credibility of both witnesses by making the express or implied charge that their testimony is recently fabricated or improperly motivated by their desire for a reduction in sentence through their cooperation with the government.

During the initial investigation of this case in February 2015, one year before Lamarcus Jackson pled guilty and nine (9) months before Undray Webb pled guilty, both Lamarcus Jackson and Undray Webb gave statements to the FBI and other law enforcement officers admitting their involvement in the robbery of Alps Grocery Store and the robbery of Shop n' Save and implicating the Defendant as one of the other co-conspirators. Federal Rule of Evidence 801(d)(1)(B) provides that a prior consistent statement is not hearsay when:

> a declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . (B) is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attached on another ground;

Fed. R. Evid. 801(d)(1)(B). Under this rule, a four-part test has been established to allow the admission of prior consistent statements to rehabilitate a witness:

> 1) the declarant testifies at trial and is subject to cross–examination; 2) the prior statement is consistent with the declarant's trial testimony; 3) the statement is offered to rebut an express or implied charge of recent fabrication or improper motive; and, 4) the statement was made before the declarant had a motive to fabricate.

*United States v. Stoecker.* 215 F.3d 788, 791 (7th Cir. 2000). Therefore, if during the cross-examination of Lamarcus Jackson or Undray Webb the Defendant makes the claim that the testimony is recently fabricated or improperly influenced by a motive to obtain a reduction in sentence, the government should be permitted to rehabilitate the testimony of Jackson and/or Webb through evidence that they made consistent statements to the FBI and other law enforcement officers at the time of the initial investigation, nine months to a year before they entered into a cooperating plea agreement with the government. *Id.*

WHEREFORE, the Government respectfully brings these potential evidentiary issues to this Honorable Court's attention so that the Court has the opportunity to consider them before they are raised at trial.

Respectfully submitted,

UNITED STATES OF AMERICA,

DONALD S. BOYCE
United States Attorney

**/s/** Ali Summers

ALI SUMMERS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 15-CR-30016-SMY |
| ) | |
| BYRON JOSHUA HOLTON, ) | |
| ) | |
| Defendant. ) | |

**Certificate of Service**

I hereby certify that on Tuesday, September 20, 2016, I caused to be electronically filed the Government's Trial Memorandum with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record.

Respectfully submitted,

UNITED STATES OF AMERICA,

DONALD S. BOYCE
United States Attorney

**/s/** Ali Summers

ALI SUMMERS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700 telephone
(618) 628-3720 facsimile